JOHN HEALD *vs.* BICKFORD LANG.

Under an order of surveyors of highways in a city who have all the powers of survey-
ors of highways in towns, and by direction of the mayor, who is their chairman, the
chief of police may lawfully remove an awning maintained over a sidewalk in violation of
a city ordinance which forbids awnings to be kept over sidewalks during certain months
and imposes a penalty for its violation.

TORT against the city marshal of Lowell for taking down a
wooden awning in front of the plaintiff's shop on Merrimack
Street in that city.

At the trial in the superior court, before *Reed*, J., it appeared
that in the summer of 1865 the plaintiff built the awning pro-
jecting from his shop over the sidewalk, with the consent of the
mayor; that it was built strongly and suitably; that it stood
through the following winter without objection; but that subse

quently an action was brought against the plaintiff in respect thereof, on the ordinances of the city, *c.* 27, §§ 10, 29, which are printed in the margin;* and that, on December 26, 1866, while that action was pending, the defendant, who was chief of the police of the city, tore down the awning, using no more force and doing no more injury than was necessary for the purpose.

It further appeared that the board of surveyors of highways of the city, of which the mayor was chairman, voted on December 22, 1866, " to instruct the city marshal to cause all awnings over the public sidewalks to be removed under his direction, when the owners or occupants neglect or refuse to remove them as provided in the city ordinances and the statute laws;" that after this vote notice was given to the defendant to remove his awning; and that, when the city marshal removed it after this notice, he did so by direction of the mayor.

The judge directed a verdict for the defendant, and reported the case for revision by this court.

*R. B. Caverly,* for the plaintiff.

*G. Stevens,* for the defendant.

GRAY, J. This case falls within the principle of *Pedrick* v. *Bailey,* 12 Gray, 161; and the defendant is entitled to judgment.

By the city charter of Lowell, the city council "may make all such needful and salutary by-laws as towns by the laws of this Commonwealth have power to make, and annex penalties not exceeding twenty dollars for the breach thereof." St. 1836, *c.* 128, § 8. In the lawful and reasonable exercise of the power thus granted, they passed an ordinance, providing, among other

---

* § 10. "No person shall place, establish or maintain any awning or shade before his or her place of business or dwelling-house, over any part of any street or sidewalk, unless the same be safely made, fixed, supported and maintained so as in nowise to incommode passengers, and so that the lowest part of such awning or shade shall be at least eight feet above the sidewalk or street; and said awnings or shades, if built over a sidewalk, shall extend over the outside edge thereof, and shall not be put on before the first day of April, nor kept on after the first day of December."

§ 29. "Any person who shall offend against any of the provisions of this chapter shall forfeit and pay for each offence a sum not exceeding twenty dollars."

things, that awnings over a sidewalk should not be put on before the first day of April, nor kept on after the first day of December, under a penalty of twenty dollars. City Ordinances of Lowell, *c.* 27, §§ 10, 29. By virtue of this ordinance, the plaintiff's awning was an unlawful obstruction in the highway on the 26th of December 1866, when it was torn down by the defendant.

By an amendment of the city charter, the city council were authorized to elect annually three surveyors of highways, who have all the powers of surveyors of highways in towns, among which are to " dig up and remove whatever obstructs or encumbers a highway or town way, or hinders, incommodes or endangers persons travelling thereon." St. 1846, *c.* 35, § 4. Gen. Sts. *c.* 44, § 8. The plaintiff's awning being an unlawful obstruction, the surveyors thus chosen had authority to remove it if they saw fit, and their judgment in the matter cannot be revised by the court. They did order it to be removed, and the defendant, as city marshal and chief of police of the city, acting under the order of the surveyors of highways, and by direction of their chairman the mayor, after notice to the plaintiff, took down his awning. In doing this he was clearly justified.

*Judgment on the verdict.*